United States v. Caballero-Anaya, Case 19-1034. May it please the Court, my name is Ryan Ray and I represent the defendant and appellant Mario Caballero-Anaya. I would respectfully request to reserve three minutes of my time for rebuttal. Time is yours. Thank you, Your Honor. This Court should reverse Mr. Caballero-Anaya's conviction and sentence for two reasons set forth in our briefing. But the error that affects the entire case and that which I would like to devote my discussion to today is the government's failure to prove that Mr. Caballero-Anaya was removed from the United States in June of 2016 in accordance with a removal order that had been validly reinstated as required by law at that time. This failure of proof is on an essential element of the offense, which requires reversal for insufficiency of the evidence. Now, we agree with the government on one thing in this analysis, which is that all removals rest on an order. I'm sorry, what? That all removals rest on an order. What kind of an order? That is an order of removal that is required in all cases by Section 1229 A and C in Title VIII. So that goes back, Your Honor, to the very beginning. The criminal statute does not refer to that, does it? The criminal statute refers to a number of different roles. Four elements. It refers to – there are four elements, as this Court has said. It doesn't refer to that one that you just mentioned. That's an administrative regulation. Well, but, Your Honor, all of those instances, there must have been a removal order issued at some point in time. Well, is there any doubt that back in 1999 a removal order had been entered? There's no doubt about that, Your Honor. And is there any doubt that at the seven other times he's come in that that same removal order still was in effect? The question is whether it was reinstated. And we would submit – we would submit, Your Honor, under – How does it get reinstated? What do you mean reinstated? And that, Your Honor, be reinstated, and I would cite the Court to – How does it get reinstated? By the issuance of this warrant. Well, a warrant is not part of the statute. It's an administrative regulation. But, Your Honor, it is – Is that correct or not? It is part of the regulations, and here's how I would like to parse that out, Your Honor, which is Section 1231A5 says that if someone leaves and comes back, then the Attorney General may reinstate the order. Now, the Attorney General has delegated that authority to the Department of Homeland Security, of which ICE is a part, and this is all consistent with Section 1103 of Title 8. One of the problems I've got is that it was stipulated by the defense that Mr. Caballero was an alien, that he had been removed from the United States back in June of 2016, that he knowingly reentered the United States. And why is he surprised that he was found guilty after a bench trial, after having stipulated to those facts in the statute? Because, Your Honor, at least in this case, in these circumstances of this case, we submit that the clause as well in order of removal is outstanding, it at least should be a requirement of proof in at a minimum the last two statutory categories. What's your best case that supports that position? Your Honor, I think the only court that has dealt directly with this question is the Lopez Court in the Ninth Circuit, which in different circumstances, Lopez was not a reinstatement case, went another way on that. But, Your Honor, I would just go straight off of the language of the statute, and the language of a number of statutes as they come together, and that when we're talking about someone who has been removed, that what we have is that that needs to be done while an order of removal is outstanding. Well, he has reentered what, eight times? I believe that's correct, Your Honor. And our review showed, somehow anomalous to me, eight prior removals and four reentries. How did he get back the other four times? He reentered four times and left eight times. There must have been some immaculate conception that brought him back the other four. That's not a question. My question is, were the seven prior removals proper? Had they been challenged? Were orders entered on those occasions? Were they reliant on the initial order? Does the record tell us any of these things? I believe, Your Honor, what is there in the A file is as to those prior instances. What is the A file? The administrative file? It is, Your Honor. That's correct. And that was admitted by, I think, agreement in the district court. And what it shows us in the prior instances is that we would submit that the order was reinstated, consistent with Section 1231A5, by the issuance of an order as required by the implementing regulations, that had the effect of reinstating the order until it was executed and he's removed. And so that is. . . Go ahead. That, Your Honor, is what is missing in the removal that happened in June of 2016, which is the only basis for the charged offense that he was here in front of the federal court. For the purpose of those documents that you're speaking of, just memorialize his departure. And if he had departed voluntarily, maybe initially, maybe you'd have a point. But he didn't depart voluntarily back in 1999. That's correct, Your Honor. I would certainly agree he did not. That order, every single time, was reinstated. It has nothing to do with the warrant. I would submit, Your Honor, that under the implementing regulations that have been delegated to the Department of Homeland Security, they say a warrant shall be issued, and I would submit, Your Honor. . . What's the purpose of the warrant? I think it reinstates the order until it's executed and carried out. Oh, you think it has anything to do with the original order? What's that, Your Honor? Where do you find that that has anything to do with the original order being reinstated or not, as opposed to memorializing his departure? And I believe, Your Honor, that's in the text of Section 1231A5 of Title VIII, which tells that the Attorney General is to make a determination that someone is removable, and that is what reinstates the order. Now, as I said in Section . . . Well, are you collaterally attacking the 1999 order? No, Your Honor. If you're not collaterally attacking it, it stands uncontroverted. The question, though, Your Honor, is whether it has been validly reinstated as to the June 2016 removal. That's the question, since the Attorney General is to make that determination in every instance to reinstate the order. But isn't there a presumption that if there is a removal, isn't there a presumption of illegality if it wasn't challenged? If the removal wasn't challenged, can't we presume that it was ordinary and regular? Well, Your Honor, the 1999 removal has not been challenged. But what clearly was challenged in the district court here is whether the June 2016 removal was done in a way that reinstated that order. It was not challenged. The order stands every time he comes back in. There's no issue about whether it was dissolved or anything else. But the reinstatement is the distinction, Your Honor. Could it have been reinstated? Absolutely, it could have been if Immigration and Customs Enforcement had followed their own regulations, which say they shall issue a warrant and then they shall execute the warrant. You can't execute a warrant on someone after they're already gone. I would analogize it to a situation where, let's say you had a search warrant. If you obtain the search warrant, you execute the search warrant. If you get the search warrant three weeks later, even if it is supported by probable cause, all of those things compliant with the Fourth Amendment, it wasn't executed at the time. And so what did not happen here as to the only reentry and removal that are at issue in this case, which is in June of 2016, we would submit, Your Honor, that the order of removal from 1999 was not validly reinstated in the manner contemplated by the statute and the implementing regulations. Mr. Ray, just so I'm sure that I understand your argument, if we disagree with you looking at 1326A1, we disagree with you that the phrase while an order of exclusion, deportation, or removal is outstanding, we disagree that that jumps over to removed. And we say all that has to be shown there is that you were removed. Is that game over for you? I believe it at least has to apply to or removed. No, no, that's not my question. I understand that's your position, is that that jumps over an or, because there are two ors there, you see. There are two ors. And so you're saying that jumps over the second or and reaches deported and removed. If we disagree with you on that as a matter of statutory interpretation, is that game over? I believe it does have to apply to the removed, Your Honor. I understand that you think that. But if we disagree with you on that, then is that the end of your argument? In other words, that's the linchpin. You have to clear that hurdle or you lose. I think we do have to clear that hurdle, Your Honor. And I would like to point one thing out in that regard, which is as to this argument, the government relied on the Pritchett case out of the D.C. Circuit, I believe from 72 or thereabouts. And one thing that that court found particularly instructive was the placement of a comma. And I think that's important here. When we look at this statute, we have a comma after admission, we have a comma after excluded, we have a comma after deported. But we do not have a comma separating or removed and then the second or has departed. Well, but it would be very easy to write it the way that you want to read it, which is to get rid of the first or and put a comma. And then we would say that that tag end, while in order of exclusion is outstanding, that that would apply to all of them as a matter of statutory interpretation. But that's not what it reads. It doesn't have a comma. It has an or, creating a different segment there at the end, a separate condition. But I would also say, Your Honor, that there is not a comma after removed, which we could look at that. When we talk about what is the last antecedent here, I would submit that the last antecedent also could be or removed or has departed. The United States law and order of deportation is outstanding. And if we look at it in that way and view that grouping as the last antecedent to which that limiting clause applies. And, again, that group is not separated by a comma. There is an or there, but there's not a second comma. Counsel, wasn't there here a stipulation of removal? There was a stipulation of physical removal. There was not a stipulation that that was done while in order of deportation was outstanding, which would have required it to be reinstated. But based upon the stipulation, wasn't there a valid order of removal that is presumed on the basis of his stipulation? I would say no, Your Honor, because it has to be, if we look at the statutory text, it has to be outstanding. We would submit that that requires it to be reinstated consistent with Section 1231A5. So you're suggesting that the uniform pattern jury instructions in the Tenth Circuit then are just an error? At least as to the circumstances of this case, Your Honor. I believe that it should require, as a matter of statutory construction, and this Court has said that the pattern instructions do not necessarily govern over this Court's statutory construction. But there were no cases. There are no cases. I would submit, Your Honor, this question has not been answered by the Court. And so we would say in these circumstances where you have a reinstatement case, that was not the case in Lopez, that for an order to be reinstated make it thereby outstanding that there has to be a warrant issued and executed in accordance with the regulations. Since that didn't happen here, there was a failure of proof. All right. Thank you very much. Thank you. You have 40 seconds of rebuttal. May it please the Court, Rajiv Mohan for the United States. Under any interpretation of the statute, the defendant's conviction should be affirmed, and that's because of two documents which were admitted at trial. The first is the 1999 removal order, which is undisputedly valid and which the defendant does not challenge. And that's located in the second supplemental record at page 20. I'm sorry, it's what? That's the first 1999 removal order. Where did you say it was found in the record? It was admitted at trial, and we included it in our second supplemental record on appeal at page 20. Page 20. And the second document is the decision reinstating that order, and that is located in the second supplemental record at page 4. What's the date of that reinstatement? The date of the reinstatement is in 2014, and the gap between the reinstatement and the removal is, I believe, because the defendant was serving a sentence on illegal reentry during that time. And I'd like to focus on the relationship or the lack thereof between the warrant of removal and reinstatement. Reinstatement is governed by 8 United States Code Section 1231A5 and 8 CFR Section 241.8. And under those statutes and regulations, there is a clear process for reinstatement. The immigration officer must make certain findings, such as the identity of the alien, the existence of the removal order, and whether the alien had reentered the United States. And it sets forth a process under which the immigration officer gives notice to the alien. The alien has an opportunity to contest. And once that process is over, the immigration officer issues a decision reinstating the order. And that's what happened in this case in 2014. Now, of course, it remains the case that the order has to be executed through removal of the alien, and that's where the warrant comes into play. The warrant is a ministerial administrative document that is designed to memorialize execution of a removal order that has already been reinstated. There's nothing in the regulations or the statutes which suggests that the warrant of removal is a legal prerequisite to reinstatement. And I think from Mr. Caballero Anaya's argument today, his entire argument turns on the idea that the warrant was necessary for reinstatement, and without reinstatement, the order of removal was not outstanding. Now, I'd like to touch briefly on the question of statutory interpretation, although I don't think this court needs to reach it, given the facts of this case. Is the interpretation really relevant? I don't think it is, Your Honor. I think under any interpretation, there is an outstanding order here. It had been reinstated. The defendant has not shown, I mean, as an initial matter, he has not shown that the warrant itself was invalid. The regulation governing the warrant is 8 CFR section 241.2, and it merely says that certain officers will issue a warrant and certain officers will execute the warrant, and both of those things occurred here. It imposes no requirements with respect to timing or dates or anything like that. So as an initial matter, he has not shown the warrant is invalid. So in answer to my question, in order to decide this case, we don't really need to get to that question, do we? That's correct, Your Honor. And I think that's what Judge Blackburn, when he issued the verdict in this case, he said that the defendant had been removed pursuant to a valid order and left it at that. And that is our submission. The order was undisputedly valid. There's no dispute about that. It was stipulated. It was. He stipulated that he had been removed on June 16, 2016. And on page 15 of the defendant's opening brief, he concedes that the original removal and, indeed, all the other removals based on the original order were valid. And so those two stipulations are sufficient. Given that stipulation, I mean, I just don't see it. I mean, how do you get around that? I don't think you can, Your Honor. And if there are no further questions, I would cede the balance of my time. No questions? Thank you. We appreciate your concession, please. I don't know, is that a concession, Paul, or a concession? May it please the Court, just very briefly, I would just like to say, Your Honor, that the question is whether the warrant was reinstated as to the June of 2016 removal. That's the issue. The question is whether it validly reinstated as to that removal and for purposes of Section 1231A5. We submit it was not. It may have been done for a prior removal back in 2014. That wasn't done for this removal. It was the only one at issue in this case.  Thank you, counsel. Thank you. This is submitted. Counsel are excused.